| | |
|---|---|
| **CODY JAMES HAMMOCK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 1:21-cv-00054 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **MOUNT PLEASANT POLICE** ) | |
| **DEPARTMENT, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Cody James Hammock, an inmate at the Maury County Jail in Columbia, Tennessee, filed a pro se civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 2). The Complaint is before the Court for an initial review. For the following reasons, this action will be **DISMISSED**.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 2) reflects that he cannot pay the filing fee in advance without undue hardship, so it will be **GRANTED**. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

This action concerns events that occurred in early 2011 in Mount Pleasant, Tennessee. (Doc. No. 1 at 4–5). Around 2:00 a.m., Plaintiff alleges that he was in a car accident that was not his fault. (*Id.* at 5). The occupants of the other vehicle and the other person in Plaintiff's vehicle were taken to the hospital. (*Id.* at 17). Shift Sergeant Amy Downing of the Mount Pleasant Police Department was in charge of the scene. (*Id.* at 13). Downing questioned Plaintiff, "determine[ed] he] was at no fault," called Plaintiff's sister to come get him, and allowed Plaintiff to leave with her. (*Id.*). There were three officers present when he left the scene. (*Id.*) The next day, seven or eight officers arrested Plaintiff on four counts of reckless endangerment with a deadly weapon and one count of leaving the scene of an accident. (*Id.* at 5, 13). Plaintiff alleges that the police framed him, he was subjected to malicious prosecution, and he was wrongfully convicted. (*Id.* at 3, 5, 13, 16). Plaintiff received a four-year sentence in state prison. (*Id.* at 5).

Plaintiff alleges that, while he was imprisoned, he: received no treatment for back and spine problems; suffered emotional distress; was stabbed and molested by other inmates; and witnessed other inmates be stabbed to death. (*Id.*). Plaintiff now has PTSD, cannot sleep, fears going out in public, and cannot have an intimate relationship because he was raped. (*Id.*).

Plaintiff sues the Police Department and Sergeant Downing. (*Id.* at 1–2, 12). He also "wish[es] to sue the people who pulled in front of [him]," but he does not know their information. (*Id.* at 14). He requests monetary damages and physical and psychological treatment. (*Id.* at 5).

**B. Legal Standard**

To determine if the Complaint fails to state a claim under for the purpose of initial review, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and]

'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

### 1. *Heck* Doctrine

The Court liberally construes the Complaint to assert claims for false arrest (*see* Doc. No. 1 at 13 ("officers arrested me the next day . . . [e]ither knowing or unknowing . . . that I was cleared from the scene [and] it was physically impossible for it to have been my fault")), fabrication of evidence (*see id.* at 3 ("I was framed by the Police Department")), and malicious prosecution. (*See id.* at 3, 13, 15). "Under the *Heck* doctrine," however, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." *Sanders v. Detroit Police Dep't*, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). To show that a conviction or sentence has been "set aside," the plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

3

Here, a favorable ruling in this Section 1983 case would necessarily invalidate Plaintiff's underlying convictions. And Plaintiff recognizes that his convictions have not been set aside in any way. (*See* Doc. No. 1 at 3 ("I[']ve been denied judicial reviews [and] appeals[.]")). Accordingly, Plaintiff's claims for false arrest,[1] fabrication of evidence, and malicious prosecution[2] are barred by *Heck*, and this action will be dismissed without prejudice. *See Sampson v. Garrett*, 917 F.3d 880, 881 (citation omitted) (reflecting that *Heck* dismissals are without prejudice).

2. Other Matters

Plaintiff also states his desire to sue the occupants of the other vehicle involved in the 2011 car accident. But Plaintiff could not impose liability on them under Section 1983, even if he had the information necessary to name them as Defendants, because they are not state actors. "Section 1983, by its own terms, applies only to those who act 'under color' of state law." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020). "Therefore, as a general rule, § 1983 does not reach the conduct of private parties acting in their individual capacities." *Id.* at 515–16 (citing *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007)). To the extent that Plaintiff believes the occupants of the other vehicle share responsibility for his alleged wrongful convictions because they cooperated with police, the Sixth Circuit has held that private parties are not exposed to

---

[1] Even if this claim were not *Heck*-barred, it would be untimely. The limitations period for Section 1983 claims in Tennessee is one year. *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). For federal false arrest claims "where the arrest is followed by criminal proceedings," that one-year period starts to run when the plaintiff was "detained pursuant to legal process." *Fox v. DeSoto*, 489 F.3d 227, 235 (quoting *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). Here, Plaintiff's detention pursuant to the allegedly false arrest occurred in early 2011, and Plaintiff did not file this action asserting a false arrest claim for over ten years.

[2] Plaintiff also cannot state a malicious prosecution claim because he does not allege that the underlying criminal proceedings have been resolved in his favor. *See King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (citing *Heck*, 512 U.S. 577) ("[A] malicious-prosecution claim is not available before the favorable termination of criminal proceedings.").

liability under Section 1983 for "[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial"—even if the information provided was false or misleading. *Id.* at 516 (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009)).

Finally, Plaintiff alleges that he experienced traumatic events while he was serving his sentence. The Court acknowledges the seriousness of these allegations. But Plaintiff makes clear that he did not file this case to bring claims against the parties directly involved in these events. (*See* Doc. No. 1 at 6 (checking box reflecting that the claims in this case did not arise while Plaintiff was incarcerated); *id.* at 8 (explaining that the matter giving rise to this case "[h]appened outside the institution")). Rather, Plaintiff filed this case against the parties involved in the arrest and prosecution that led in his confinement. As discussed above, these claims are barred by the *Heck* doctrine. However, Plaintiff may bring a separate Section 1983 case against the persons or entities that he believes are directly responsible for any unconstitutional conditions of confinement he experienced while serving his sentence. The Court expresses no opinion on the timeliness or merits of any Section 1983 action Plaintiff may file in the future.

### III. CONCLUSION

For these reasons, Plaintiff fails to state a claim under Section 1983 based on the *Heck* doctrine. Accordingly, this action will be **DISMISSED** without prejudice.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE